# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| **HOUCK ASPHALT MAINTENANCE, LLC**<br>2656 State Route 22<br>Bethel, OH 45106<br><br>    Plaintiff,<br><br>vs.<br><br>**HARTZ SEALCOATING, LLC**<br>11569 Plumhill Dr.<br>Cincinnati, OH 45249<br><br>    Defendant. | Case No. 1:19-cv-897<br><br>Judge _____<br><br>**COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF**<br><br>**WITH JURY DEMAND ENDORSED HEREON** |

## PARTIES

1. Plaintiff Houck Asphalt Maintenance, LLC ("Houck") is a limited liability company organized and validly existing under the laws of the State of Ohio with its principal place of business in Clermont County, Ohio. Houck's member is a natural person residing and domiciled in the State of Ohio. Accordingly, Houck is a domiciliary of the State of Ohio. Plaintiff is engaged in the asphalt maintenance and paving business.

2. Defendant Hartz Sealcoating, LLC ("Hartz") is a limited liability company organized and validly existing under the laws of the State of Ohio with its principal place of business in Hamilton County, Ohio at the address listed in the caption, at which address Hartz may be served with process. Hartz is engaged in the asphalt maintenance and paving business.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Plaintiffs' claims that arise under 15 U.S.C. § 1125(a) and § 1125(d) (The Lanham Act) pursuant to 28 U.S.C. § 1331.

1

4. Because this Court has original jurisdiction over Plaintiff's Lanham Act claims, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they are so related to Plaintiffs' Lanham Act claims that they form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendant by virtue of its presence, residence, incorporation, operation, tortious acts, and regular and systematic contacts in Ohio.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendant resides in this district, this district is where a substantial part of the events or omissions giving rise to the claims stated herein occurred, and Defendant is subject to personal jurisdiction in this venue.

## FACTS COMMON TO ALL COUNTS

A. THE HOUCK ASPHALT NAME

7. Houck and Hartz are competitors engaged in the business of asphalt maintenance and paving.

8. "Houck Asphalt" is a trade name and mark of the Plaintiff.

9. Plaintiff uses the name "Houck Asphalt" as a name and symbol in commerce to distinguish its goods and services.

10. Plaintiff emblazons the name Houck Asphalt on apparel and equipment.

11. Plaintiff's website is www.houckasphalt.com.

12. Plaintiff prominently displays its name on its website, as shown below:



13. If a prospective customer seeks a referral from a past customer, they are referred to "Houck Asphalt."

14. Indeed, Plaintiff's reliance on the "Houck Asphalt" name is so strong, Plaintiff states on its website "Houck Asphalt Maintenance is a small business.  We live and die by our reputation, not by our advertising budget."

15. Plaintiff's reliance on its name and reputation is successful.  It has grown a flourishing business relying on the "Houck Asphalt" name.

**B.**  **THE HOUCK ASHPALT BUSINESS**

16. Houck, like most asphalt and paving businesses, receives new customers from referrals.

17. Given the permanent nature of asphalt work, a reputation for high quality workmanship is critical.  A single poorly performed asphalt job damages business for years.  A well-done asphalt job serves as a long-standing testament to exceptional workmanship.

18. Plaintiff has taken careful steps to ensure that its work is of the highest quality.  It performs paving that is superior in durability, quality, appearance, and is competitive in pricing.

19. Plaintiff uses cutting-edge infrared technology in asphalt repairs and purchases specialized asphalt crack sealer.

20. Houck is known to its customers, prospective customers, and competitors as utilizing these industry leading practices

21. As a result of Plaintiff's meticulous workmanship, prospective customers admire Houck's paving work in parking lots and other structures around the region.

22. The "Houck Asphalt" name and mark have therefore become indelibly tied to exceptional service in the asphalt and paving industry.

23. The "Houck Asphalt" name has generated substantial business and goodwill for the Plaintiff and continues to do so.

**C.     THE HARTZ DECEPTION**

24. Defendant Hartz, a competitor, coveted the "Houck Asphalt" name.

25. Hartz knew that the name "Houck Asphalt" carried substantial respect in the asphalt industry.

26. Hartz knew that prospective customers often sought-out the "Houck Asphalt" name when choosing an asphalt or paving company.

27. Hartz wanted customers looking for "Houck Asphalt," but knew that such customers would not want to engage Hartz.

28. Hartz therefore decided to commandeer the name "Houck Asphalt" to leech off the goodwill and reputation of Plaintiff.

29. Specifically, Defendant Hartz, began running Google ads which read "Houck Asphalt Maintenance."

30. But these ads did not link to the "Houck Asphalt" website; they were a disguised link to Hartz's website.

31. An example of this deceptive act is shown in the screen capture below:



32. As demonstrated above, when a customer was looking for Houck Asphalt on internet search engines like Google, the customer would be deceptively funneled to Hartz's website.

33. This occurred because Hartz misappropriated the "Houck Asphalt" name for use in its online advertisements.

34. As a result, Houck lost customers and sales to Hartz, even though said customers had sought to do business with Houck.

**D.     THE DAMAGE**

35.     Defendant's misappropriation of Plaintiff's trademark, trade name, and name clearly and directly stole customers and potential customers from Plaintiff.

36.     Plaintiff never sold, licensed, rented, or otherwise transferred use of the "Houck Asphalt" name to Defendant.

37.     Defendant did not have Plaintiff's permission to use the "Houck Asphalt" name.

38.     Defendant never asked Plaintiff for permission to use the "Houck Asphalt" name.

39.     Defendant never contacted Plaintiff to request permission to use the "Houck Asphalt" name in advertising content, whether online or otherwise.

40.     Defendant never hired or contracted with Plaintiff for advertising, promotional, or marketing services.

41.     Defendant neither offered nor paid any remuneration to Plaintiff for use of the "Houck Asphalt" name.

42.      Defendant's use of the "Houck Asphalt" name associates Defendant with Plaintiff's business.

43.     Plaintiff does not want to be associated with Defendant's business.

44.     Defendant used Plaintiff's name to attract customers, promote Defendant, and generate revenue for Defendant.

45.     Defendant's use of Plaintiff's name drove customers, business, and revenue to Defendant.

46.     Defendant knew that its use of Plaintiff's name was unauthorized.

47.     Defendant knew that its use of Plaintiff's name would cause consumer confusion as to Plaintiff's relationship with Defendant.

48. Defendant intentionally promoted and sponsored this confusion at the expense of Plaintiff.

49. Plaintiff learned of Defendant's unauthorized use of its misappropriated name within the last two years.

## COUNT I
### (Violation of Lanham Act, 15 USC § 1125(a))

50. Plaintiff incorporates the prior paragraphs as if fully rewritten herein.

51. Plaintiff has expended substantial resources, including time, money, and labor, in building the "Houck Asphalt" trade name and mark, and its associated goods and services, into a brand that customers distinctly identify with the specific and superior level of workmanship offered by Plaintiff.

52. The use by Defendant of the "Houck" name constitutes (1) a false designation of origin, (2) a false or misleading description of fact, or (3) representation that is likely to cause confusion, mistake, or deception to the affiliation, connection, or association with another in violation of the federal Lanham Act, 15 U.S.C. § 1125(a).

53. Despite explicit knowledge of Plaintiff and its right to the "Houck Asphalt" name, Defendant chose to steal Plaintiff's intellectual property for its own use and profit.

54. The continued use by Defendant of the "Houck Asphalt" name is in direct violation of Plaintiff's exclusive right to exploit the "Houck Asphalt" name.

55. The foregoing conduct of the Defendant is a violation of 15 U.S.C. § 1125(a).

56. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages to its valuable "Houck Asphalt" name in an amount to be proven at trial in excess of $100,000.

57. Defendant has unjustly profited from its unlawful actions.

58. Defendant has committed the foregoing acts with notice of Plaintiff's rights and such actions were willful and intended to cause confusion, to cause mistake, or to deceive.

59. Plaintiff has been and will continue to be damaged by Defendant's unlawful actions.

60. Defendants conduct and acts, as alleged above, will continue to cause irreparable harm to Plaintiff unless enjoined by the Court.

61. Damages alone will not provide Plaintiff with an adequate remedy at law.

## COUNT II
### (Common Law Trademark Infringement and Unfair Competition)

62. Plaintiff incorporates the prior paragraphs as if fully rewritten herein.

63. Plaintiff has common law rights in the "Houck Asphalt" name based at least upon continuous use throughout the region and in connection with paving services, asphalt services, and concrete services.

64. Defendant's use of "Houck Asphalt" in its advertisements is likely to cause confusion, mistake, and deception of the public as to the connection or affiliation with Plaintiff.

65. The usage is unauthorized and has caused and is causing irreparable harm to Plaintiff. Defendant's action thus constitutes trademark infringement and unfair competition under the common law of Ohio.

66. Defendant's acts of infringement are intentional and blatant and were committed with the intent to cause confusion and mistake and to deceive.

67. Plaintiff has been and will continue to be damaged by Defendant's infringement and unfair competition.

68. Defendant's conduct and acts will continue to cause irreparable harm to the "Houck Asphalt" name as to which Plaintiff has no adequate remedy at law, unless enjoined by this Court.

69. Defendant's acts are in bad faith, with full knowledge of Plaintiff and its trademark rights in the name "Houck Asphalt."

## COUNT III
### (Violation of Ohio Revised Code § 4165 *et seq.*)

70. Plaintiff incorporates the prior paragraphs as if fully rewritten herein.

71. Defendant has willfully violated the Ohio Uniform Deceptive Trade Practices Act, Ohio Revised Code § 4165.02, by causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, connection, or association of the "Houck Asphalt" name.

72. Defendant has associated the "Houck Asphalt" name with Defendant, even though Defendant had no right or basis for such an association.

73. Defendant's acts of misappropriation and infringement have been committed with the intent to cause confusion and mistake and to deceive.

74. Plaintiff and the "Houck Asphalt" name have been and will continue to be damaged by the Defendant's unlawful actions.

75. Defendant's conduct and acts will continue to cause irreparable harm to the "Houck" name as to which Plaintiff has no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. Find in favor of Plaintiff Houck and against Defendant on all claims;

B. Preliminarily and permanently enjoin and restrain Defendant against continued infringement of the "Houck" name.

C. Order Defendant to account to Plaintiff for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above;

D. Award Plaintiff compensatory and punitive damages;

E. Order all amounts due from Defendant trebled under 15 U.S.C. §1117(a);

F. Find this to be an exceptional case and award reasonable attorney's fees to Plaintiff under 15 U.S.C. § 1117.

G. Award such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Brian P. O'Connor*
Brian P. O'Connor (0086646)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
(513) 721-4450 (Telephone)
(513) 721-0109 (Facsimile)
bpo@santenhughes.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Brian P. O'Connor*
Brian P. O'Connor (0086646)

663599.2